RON BENDER (SBN 143364)
rb@lnbyb.com
BETH ANN R. YOUNG (SBN 143945)
bry@lnbyb.com
KRIKOR J. MESHEFEJIAN (SBN 255030)
kjm@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244
Attorneys for Castellino Villas, A K.F. LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: Castellino Villas, A K.F. LLC | Case No. CV 12-7282-JFW |
| Picerne Construction Corp. dba Camelback Construction, | **STATEMENT OF DECISION GRANTING APPELLEE'S MOTION FOR ATTORNEYS' FEES** |
| Plaintiff/Appellant, | |
| v. | |
| Castellino Villas, A K.F. LLC, | |
| Defendant/Appellee | Judge: The Honorable John F. Walter |

1

The Court has considered the motion ("Motion") filed by Appellee Castellino Villas, A K.F. LLC ("Appellee"), filed on December 6, 2016, at Docket No. 43, for an order directing Appellant Picerne Construction Corp. dba Camelback Construction ("Appellant") to pay the fees of Levene, Neale, Bender, Yoo & Brill L.L.P. ("LNBYB") in connection with the appeals of the Bankruptcy Court's order, which order was affirmed by this Court and the Ninth Circuit Court of Appeals, Appellant's opposition to the Motion, and Appellee's reply to Appellant's opposition, along with all other evidence and pleadings submitted in support of, and in opposition to, the Motion. The total amount of fees requested by Appellee is $113,115.50. After due consideration of the Motion, Appellant's opposition to the Motion, and Appellee's reply to the opposition, the Court hereby orders Appellant to pay to Appellee and deliver to Appellee's counsel of record the sum of $113,115.50 within thirty (30) days of entry of the Order granting the Motion.

## STATEMENT OF RELEVANT FACTS

On September 6, 2016, the United States Court of Appeals For the Ninth Circuit issued its opinion affirming the order of the United States Bankruptcy Court for the Central District of California denying Picerne's "Motion To Confirm State Court's Authority To Award Attorneys' Fees And Costs Caused By The Reorganized Debtor After Plan Confirmation" (the "Bankruptcy Motion") filed by Picerne in the Bankruptcy Court. *See* Declaration Of Beth Ann R. Young In Support Of Appellee's Motion For Attorneys' Fees [Docket No. 45] ("Young Decl.") ¶ 4.

The Motion was filed by Picerne after the Superior Court of California, County of Sacramento (the "State Court") denied Picerne's motion for an award of attorneys fees and litigation costs and expenses "without prejudice to Picerne's ability to renew the motion after seeking a determination from the United States Bankruptcy Court as to the parties' dispute over the breadth and meaning of the

1  Settlement Agreement on this point." Young Decl. ¶ 5. Thereafter, Picerne filed its
2  Bankruptcy Motion in the Bankruptcy Court. *Id.*
3      The Bankruptcy Motion requested that the Bankruptcy Court "issue an Order
4  confirming that the State Court may enter an award of attorneys fees in Picerne's
5  favor against the reorganized debtor Castellino Villas LLC without violating the
6  Settlement Agreement or Reorganization Plan." *See* Young Decl. ¶ 6. The
7  Bankruptcy Motion was denied and Picerne appealed the Bankruptcy Court's order
8  denying the Bankruptcy Motion to this Court, which affirmed the Bankruptcy
9  Court's order. Picerne then further appealed to the Ninth Circuit, which also
10 affirmed the Bankruptcy Court's order. *Id.*
11     In the Bankruptcy Motion, the Bankruptcy Court (and then on appeal, the
12 District Court and then the Ninth Circuit Court of Appeals), was asked, by Picerne,
13 to enforce, construe, or interpret rights granted under that certain Settlement
14 Agreement and Mutual Release (the "<u>Agreement</u>") between Picerne and the
15 Reorganized Debtor. *See* Young Decl. ¶ 7, and Exhibit 2 to Young Decl.
16     Section 27 of the Agreement provides that "[i]n the event that any party
17 hereto shall institute any action or proceeding to enforce, construe, or interpret any
18 rights granted hereunder, the prevailing party in such action or proceeding shall be
19 entitled, in addition to any other relief granted by the applicable court or other
20 applicable judicial body, to reasonable attorney's fees and court costs." *See*
21 Agreement, § 27, Exhibit 2 to Young Decl.
22     On October 4, 2016, the Reorganized Debtor timely filed an application for
23 its attorney's fees in the Ninth Circuit. Picerne objected, and the Reorganized
24 Debtor responded to Picerne's objection. *See* Young Decl. ¶ 10. On October 31,
25 2016, the Ninth Circuit issued an order transferring the Reorganized Debtor's
26 application for attorney's fees to this District Court (See, *Cummings v. Connell*, 402
27 F.3d 936, 948 (9th Cir. 2005) ("Ninth Circuit Rule 39-1.8 authorizes us to transfer a
28 timely-filed fees–on-appeal request to the district court for consideration"). *Id.* On

3

November 7, 2016, the Ninth Circuit issued an order directing the Reorganized Debtor to file a motion for attorney's fees in this Court. *Id.* The Ninth Circuit did not deny the Reorganized Debtor's motion for attorney's fees, but rather merely transferred disposition of the motion for attorney's fees to the District Court. *Id.*

The Reorganized Debtor's attorneys who handled this matter are at LNBYB. In connection with this matter (i.e., the opposition to Picerne's Bankrutpcy Motion and defense of the two appeals to the District Court and Ninth Circuit Court of Appeals), during the period of July 18, 2012 (the date that Picerne's Bankruptcy Motion was filed) through and including September 7, 2016 (the day after the Ninth Circuit issued its opinion affirming the Order) LNBYB billed a total of 222.5 hours and incurred a total of $113,115.50 of fees. *See* Young Decl., Exhibit 3. The detailed listing attached as Exhibit 3 to the Young Decl. includes the date LNBYB rendered the service, a description of the service, the amount of time spent and a designation of the person who rendered the service for the period of time. Also included in Exhibit 3 to the Young Decl. is a summary of the hours and fees charged by each of LNBYB's attorneys that performed services for the Reorganized Debtor. Also included in Exhibit 3 to the Young Decl. is a breakdown of time entries into the activity codes maintained by LNBYB (as applicable to this matter, the activity codes used by LNBYB are "Case Administration", "Plan and Disclosure Statement", "Other Litigation", and "Miscellaneous").

The services rendered by LNBYB in connection with the applicable matters included successfully opposing Picerne's Bankruptcy Motion, which the Bankruptcy Court denied, and successfully handling both of Picerne's appeals to both the District Court and the Ninth Circuit Court of Appeals which each Court affirmed the Order. LNBYB prepared briefs, reviewed Picerne's briefs, researched case law, reviewed the case record, prepared for oral arguments, presented oral argument at the Ninth Circuit Court of Appeals, and ultimately, successfully defended against the Bankruptcy Motion and each of Picerne's two appeals.

# DISCUSSION

## A. The Motion Is Consistent With The Ninth Circuit's Ruling

Appellee's request for its attorneys' fees is consistent with the Ninth Circuit's ruling. The Ninth Circuit ruled that Appellant's pre-bankruptcy claim for attorneys' fee was *discharged* by Castellino's confirmed plan of reorganization (the "Confirmed Plan"). However, the discharge that Appellee received pursuant to the Confirmed Plan does not apply to Appellant, and does not bar the Motion.

Specifically, the Ninth Circuit held that Appellant's claim for attorneys' fees based on disputes regarding the pre-petition construction contract between Appellant and Appellee "was discharged when the bankruptcy court confirmed Castellino's plan." See [Picerne Construction Corp. dba Camelback Construction v. Castellino Villas, A K.F. LLC (In re Castellino Villas, A K.F. LLC), 2016 WL 4608146, at *6 (9th Cir. Sept. 6, 2016)](.).

11 U.S.C. § 1141(d)(1) provides that "[e]xcept as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan (A) discharges *the debtor* from any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title[.]"11 U.S.C. § 1141(d)(1). By its terms, the discharge provision in section 1141 of the Bankruptcy Code applies to Appellee, not other parties such as Appellant.

Moreover, neither the Confirmed Plan nor the plan confirmation order provide otherwise. Paragraph 9 of the plan confirmation order specifically describes the "discharge" as follows:

> Discharge. Except as otherwise provided in the Plan or in this Order, all property distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all claims of any nature whatsoever against the Debtor, and the Reorganized Debtor and/or any of their assets, and upon the Effective Date, the

>Debtor shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all debts except as provided in the Plan. This Order is a judicial determination of discharge of all liabilities of the Debtor except as provided in the Plan. The Debtor will receive a discharge under the Plan pursuant to and in accordance with the provisions of Section 1141 of the Bankruptcy Code because there has not been a liquidation of all or substantially all of the property of the Debtor's estate and because the Reorganized Debtor will be continuing with the Debtor's current business operations.

Appellant did not receive a discharge; rather, only Appellee received a discharge, which is why Appellant's attempt to recover sums in excess of what was provided for under the Confirmed Plan failed. Accordingly, Appellee's requested relief is not contrary to the Ninth Circuit's ruling.

**B.** **Appellant's Bankruptcy Motion and Appeals Were Instituted To Enforce, Construe Or Interpret Rights Granted Under The Settlement Agreement**

Appellant initially filed a motion for attorney fees in the State Court based upon the construction agreement between the parties. That motion was denied "without prejudice to [Appellant's] ability to renew the motion after seeking a determination from the United States Bankruptcy Court as to the parties' dispute over the breadth and meaning of the Settlement Agreement on this point" (as stated by the State Court in its ruling).

Then, Appellant took the voluntary step of requesting the Bankruptcy Court to "issue an Order confirming that the State Court may enter an award of attorneys fees in Picerne's favor against the reorganized debtor Castellino Villas LLC *without violating the Settlement Agreement or Reorganization Plan*." (Emphasis added.) That motion was denied and Appellant appealed the Bankruptcy Court's order denying that motion to this Court, which affirmed the Bankruptcy Court's order. Appellant then further appealed to the Ninth Circuit, which also affirmed the order.

Appellant's motion in the Bankruptcy Court, and Appellant's subsequent appeals to this Court and the Ninth Circuit, are proceedings to enforce, construe or interpret rights under the Settlement Agreement and the Confirmed Plan which incorporated the Settlement Agreement.  The italicized language taken from Appellant's underlying motion defeats Appellant's argument to the contrary.  Indeed, Appellant's arguments to the Bankruptcy Court, this Court, and the Ninth Circuit necessarily implicated an analysis of the Settlement Agreement (which settled, characterized and provided for the treatment of Appellant's claims under the Confirmed Plan) and the plan confirmation order (which effectuated the treatment of Appellant's settled claims).

Specifically, the first issue argued by Appellant was whether "its claim for attorneys' fees arising from litigation in state court arose after Appellee filed its petition in bankruptcy ***and therefore was not discharged by the confirmation of Castellino's plan of reorganization[;]***" and the second issue argued by Appellant was whether "its settlement agreement with [Appellee] released only 'existing claims' and not claims for attorneys' fees incurred after the settlement agreement was approved by the court."  All of Appellant's arguments with respect to these issues have been rejected many times now.

Appellant also contends that Appellee's defenses to Appellant's motion in the Bankruptcy Court cannot bring the disputes between the parties within the scope of §27 of the Settlement Agreement.[1]  Picerne is incorrect as a matter of both fact and law on both arguments.

---

[1] The Settlement Agreement provides in pertinent part, that "[i]n the event that any party hereto shall institute any action or proceeding to enforce, construe, or interpret any rights granted hereunder, the prevailing party in such action or proceeding shall be entitled, in addition to any other relief granted by the applicable court or other applicable judicial body, to reasonable attorney's fees and court costs." *See* Settlement Agreement, § 27.

Picerne cites to the case of *Exxess Electronixx v. Heger Realty Corp*, 64 Cal. App. 4th 698 (1998) for the proposition that Castellino cannot bootstrap an argument that a defense it raised to the request for relief set forth by Picerne—that the award of attorney's fees was barred by the Settlement Agreement—brings the bankruptcy court Motion, and subsequent proceedings, within the scope of the clause." (See, Appellant's opposition at page 12.) Appellant is wrong. In *Windsor Pacific LLC v. Samwood Co., Inc.*, (2013) 213 Cal.App. 4th 263, 274, the Court of Appeal expressly rejected the notion that the successful defense of an action did not trigger application of a prevailing party provision, holding that the words "action or proceeding," used in accordance with their ordinary and popular sense, encompass the entire action or proceeding, including both the complaint and any responsive pleading, such as an answer.

Appellee's appeal did in fact constitute an action or proceeding thus, triggering the application of the prevailing party provision of the Settlement Agreement and plan confirmation order, and there is no question that Appellant's successful defense to the appeal absolutely triggered the application of the prevailing party provision.

**C. Reasonableness Of Hourly Rates**

A reasonable hourly rate is presumptively the rate the marketplace pays for the services rendered. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 109 S.Ct. 2463, 2469 (1989); *Burgess v. Klenske (In re Manoa Finance Co., Inc.)*, 853 F.2d 687, 691 (9th Cir.1988).

The hourly rates of Appellee's attorneys and paraprofessionals are reasonable and appropriate in the relevant community and in view of the extraordinarily contentious and difficult circumstances of this case, as well as the overall success. The rates were negotiated at arms-length by Appellee and LNBYB. Appellee selected LNBYB as its counsel because of Appellee's confidence in LNBYB's ability to successfully deal with the issues related to the matters in question.

LNBYB's hourly rates are very reasonable in light of the complex matters that LNBYB handles, including in connection with the matters at issues herein.

### D.     All Of The Requested Fees Are Supported

Appellant argues that "even if the Court were inclined to find Castellino has some limited basis for an award of fees incurred for enforcing some right granted under the Settlement Agreement, the amount of fees requested by Castellino is not supportable" and "[a]ny recovery should be limited to a de minimus amount." *See* Appellant's opposition, page 10, lines 14 - 17. The Court disagrees.

First, Appellant contends that Appellee may only ask for the attorney fees incurred after Appellant filed the Ninth Circuit appeal. Ninth Circuit Rule 39-1.6 (b), titled "Request for Attorneys Fees" provides, in relevant part, that "[a] request for an award of attorneys fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them and must be accompanied by Form 9 (appended to these rules) or a document that contains substantially the same information[.]" Appellee complied with the Ninth Circuit Rule, which is not limited to only those fees incurred ***after*** an appeal to the Ninth Circuit. Indeed, the plain language of the rule does not limit fee requests to only those incurred during the appeal process.

Second, Appellant contends that "Castellino has made no showing of fees apportioned to litigation of any right under the Settlement Agreement" and that any award of fees must be de minimus because "Castellino's Answering Brief on this appeal devoted approximately one page of its argument to Castellino's contention that the Settlement Agreement limited Picerne's recovery of attorney's fees." *See* Appellant's opposition, page 12, line 5 – page 18, line 25.

However, all of the time Appellee has spent in defeating Appellant's motion in the Bankruptcy Court, and Appellant's appeals, was spent demonstrating why and how the Settlement Agreement and the Confirmed Plan precluded Appellant from seeking attorneys' fees based upon the construction contract, and why and

how the Settlement Agreement and the Confirmed Plan themselves demonstrated that Appellee had not "returned to the fray" and how Appellant's claim was addressed and discharged pursuant to the Settlement Agreement incorporated into the Confirmed Plan.

Moreover, while apportionment may be appropriate in certain limited circumstances such as when a prevailing party wins on most, but not all issues or disputes, such is not the case here, where Appellee prevailed against Appellant in every respect. *See In re Gorina*, 296 B.R. 23, 32 (Bankr. C.D. Cal. 2002). Moreover, here, apportionment is wholly inappropriate, given that the issues determined (all in favor of Appellee) are so interrelated. *See id.* ("Where the issues are so interrelated that it is impossible to separate them into claims for which fees are and are not awardable, no apportionment need be made.")

## CONCLUSION

For the reasons set forth herein, the Court orders Appellant to pay Appellee's requested attorneys' fees in the sum of $113,115.50 and deliver such payment to LNBYB within thirty (30) days of the entry of the Order granting the Motion.

IT IS SO ORDERED.

DATED: January 4, 2017

_____
JOHN F. WALTER
UNITED STATES DISTRICT JUDGE